Mr. Robert Burgess, CFA Santa Rose County Property Appraiser Post Office Box 606 Milton, Florida 32572
Mr. Thomas V. Dannheisser Santa Rosa County Attorney 801 Caroline Street, Southeast Suite J Milton, Florida 32570-4978
Dear Sirs:
You ask substantially the following question:
Does tangible personal property purchased by a business after an economic development ad valorem tax exemption has been granted, to replace or increase equipment or for additional improvements to real property, qualify for the economic development exemption for the balance of time that the initially approved exemption is in effect?
In sum, I am of the opinion that:
If the additional tangible personal property (equipment) or improvements to real property were not listed in the initial application for exemption and are placed in operation at the same location as the tangible personal property and improvements listed in that application, such additional property or improvements would qualify for the exemption only if they facilitate an "expansion of an existing business" as defined in s. 196.012(16), F.S. Property acquired to replace existing property may not be considered to facilitate a business expansion and, therefore, would not be exempt.
Section 196.1995, F.S., implements s. 3(c), Art. VII, State Const., which authorizes counties, as provided by general law, to grant economic development ad valorem tax exemptions.[1] Section196.1995(5), F.S., as amended by s. 1, Ch. 90-57, Laws of Florida, provides in pertinent part:
Upon a majority vote in favor of such authority, the board of county commissioners . . . at its discretion, by ordinance may exempt from ad valorem taxation up to 100 percent of the assessed value of all improvements to real property made by or for the use of a new business and of all tangible personal property of such new business, or up to 100 percent of the assessed value of all added improvements to real property made to facilitate the expansion of an existing business and of the net increase in all tangible personal property acquired to facilitate such expansion of an existing business, provided that the improvements to real property are made or the tangible personal property is added or increased on or after the day the ordinance is adopted. . . . Property acquired to replace existing property shall not be considered to facilitate a business expansion. . . . Any such exemption shall remain in effect for up to 10 years with respect to any particular facility, regardless of any change in the authority of the county or municipality to grant such exemptions.
Subsection (7) of the statute also provides in part:
Any person, firm, or corporation which desires an economic development ad valorem tax exemption shall, in the year the exemption is desired to take effect, file a written application on a form prescribed by the department with the board of county commissioners or the governing authority of the municipality, or both. The application shall request the adoption of an ordinance granting the applicant an exemption pursuant to this section and shall include the following information:
(a) The name and location of the new business or the expansion of an existing business;
(b) A description of the improvements to real property for which an exemption is requested and the date of commencement of construction of such improvements;
(c) A description of the tangible personal property for which an exemption is requested and the dates when such property was or is to be purchased;
(d) Proof, to the satisfaction of the board of county commissioners or the governing authority of the municipality, that the applicant is a new business or an expansion of an existing business, as defined in s. 196.012(15) or (16).
In defining "New business" for purposes of Ch. 196, F.S., s.196.012(15), F.S., requires the business or office to first begin "operation on a site clearly separate from any other commercial or industrial operation owned by the same business." Section196.1995(7)(b) and (c), F.S., permits construction of improve-ments to real property to be completed at a later date and tangible personal property to be purchased in the future.[2] The improvements and tangible personal property must merely be listed on the written application "in the year the exemption is desired to take effect."[3]
Your question, however, concerns whether a "new business" may add to or amend its original application in subsequent years to include property or improvements not included in the original application.[4] If the business is, in fact, the "same business" seeking to add to or amend its application, it must comply with the definition of "[n]ew business" found in s. 196.012(15), F.S., or "[e]xpansion of an existing business" found in s. 196.012(16), F.S.
If the "same business" makes a new application, it may be considered a "new business" only if the property or improvements to real property were "on a site clearly separate from any other commercial or industrial operation owned by the same business."[5]
If the location is the same as in the original application, the applicant cannot comply with the above requirement, and any new property or improvements would not be exempt under the "new business" exemption.
However, the new property or improvements may be exempt if it qualifies as an expansion of an existing business. Section196.012(16), F.S., in defining "[e]xpansion of an existing business for purposes of Ch. 196, F.S., specifically requires that such business increase "operations on a site colocated with a commercial or industrial operation owned by the same business, resulting in a net increase in employment of not less than 10 percent or an increase in productive output of not less than 10 percent." In considering whether the new property should be exempt because of an "expansion of an existing business," a determination must be made as to whether the new property merely replaces existing property. If so, then it may not be considered to "facilitate a business expansion."[6]
The determination, however, as to whether the property for which an exemption is requested is to be incorporated into a new business or the expansion of an existing business, as defined in s. 196.012(15) or (16), F.S., is one which the property appraiser must make and cannot be delegated to this office.[7]
However, while it is up to the property appraiser and the board of county commissioners to make the factual determination, I am of the opinion that if a business has been recognized as a "new business" in a prior year's application, that "same business" may not again be considered a "new business" in a subsequent year, unless the new property or improvements to real property are at a different site from the prior application.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcs
[1] See, s. 3(c), Art. VII, State Const., which provides:
Any county or municipality may, for the purpose of its respective tax levy and subject to the provisions of this subsection and general law, grant community and economic development ad valorem tax exemptions to new businesses and expansions of existing businesses, as defined by general law. Such an exemption may be granted only by ordinance of the county or municipality, and only after the electors of the county or municipality voting on such question in a referendum authorize the county or municipality to adopt such ordinances. An exemption so granted shall apply to improvements to real property made by or for the use of a new business and improvements to real property related to the expansion of an existing business and shall also apply to tangible personal property of such new business and tangible personal property related to the expansion of an existing business. The amount or limits of the amount of such exemption shall be specified by general law. The period of time for which such exemption may be granted to a new business or expansion of an existing business shall be determined by general law. The authority to grant such exemption shall expire ten years from the date of approval by the electors of the county or municipality, and may be renewable by referendum as provided by general law.
[2] See, AGO's 84-89 and 81-46.
[3] See, s. 196.1995(7), F.S.
[4] Since s. 196.011(1), F.S., requires the application for exemption to be filed by March 1, all filings for exemption to include amendments must be filed by that date in order to be effective in that year.
[5] See, s. 196.012(15), F.S.
[6] See, s. 196.1995(5), F.S.
[7] See, s. 196.1995(7)(d), F.S., requiring the application to contain, "[p]roof, to the satisfaction of the board of county commissioners or the governing authority of the municipality, that the applicant is a new business or an expansion of an existing business, as defined in s. 196.012(15) or (16)." And see, s.196.1995(8)(d), F.S., which requires the property appraiser to affix such a determination to the face of the application. And see, AGO 84-89 (Attorney General's Office cannot make factual findings and determinations or resolve mixed questions of fact and law for either the property appraiser or the Department of Revenue).